993 F.2d 1548
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ellis McHENRY, Defendant-Appellant.
 No. 93-3487.
 United States Court of Appeals, Sixth Circuit.
 May 19, 1993.
 
 Before: JONES, SUHRHEINRICH and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 The defendant appeals the district court's decision denying his motion to dismiss three of the six counts in his indictment which charges violations of 18 U.S.C. § 2119 and 18 U.S.C. § 924(c). Defendant argues that the charges under § 924(c) are prohibited by the double jeopardy clause of the federal constitution because each charge requires the same proof in violation of the rule of Blockburger v. United States, 284 U.S. 299 (1932). He moves to stay the trial which is scheduled to begin May 24, 1993, pending the outcome of this appeal. The government responds in opposition and in its response moves for dismissal of the appeal. The district court has previously denied a motion to stay.
 
 
 2
 Although the time constraints under which this relief is sought do not permit a response to the motion to dismiss by the defendant, this court is obliged to examine its own jurisdiction and may raise jurisdictional issues sua sponte. See United States v. Christoph, 904 F.2d 1036, 1039 (6th Cir.1990), cert. denied, 111 S.Ct. 713 (1991). In Abney v. United States, 431 U.S. 651 (1977), the Court held that an interlocutory appeal would lie from the denial of a motion to dismiss an indictment on double jeopardy grounds. The Court reasoned that the double jeopardy guarantee included the right not to be put to trial twice for the same offense. An interlocutory appeal would prevent a defendant from enduring "the person strain, public embarrassment, and expense of a criminal trial more than once for the same offense." Abney, 431 U.S. at 661.
 
 
 3
 In the instant case, defendant asserts a right not to be punished twice for the same conduct. In the particular circumstances of this case, this right can be fully vindicated in an appeal following conviction and sentence, if necessary. See, e.g., United States v. Moore, 917 F.2d 215 (6th Cir.1990) (considering in a post-conviction appeal double jeopardy argument as to § 924(c)). An interlocutory appeal will not serve the purposes discussed in Abney because even if the counts in question were dismissed, the defendant would nevertheless stand trial on the remaining counts. See United States v. Witten, 965 F.2d 774 (9th Cir.1992).
 
 
 4
 It therefore is ORDERED that this appeal is dismissed sua sponte for lack of a final, appealable order. The motion to stay and the motion to dismiss are denied as moot.