UNITED STATES of America, Appellee,

v.

Julio RAMIREZ–BURGOS, Appellant.

No. 94–1738.

United States Court of Appeals,
First Circuit.

Heard Oct. 3, 1994.

Decided Jan. 5, 1995.

Olga M. Shepard, for appellant.

Juan A. Pedrosa, Asst. U.S. Atty., with whom Guillermo Gil, U.S. Atty., was on brief, for appellee.

Before TORRUELLA, Chief Judge, BOWNES, Senior Circuit Judge, and CYR, Circuit Judge.

CYR, Circuit Judge.

■ Defendant Julio Ramirez Burgos brought this appeal from an interlocutory district court order rejecting his pretrial motion to dismiss Count III in a three-count indictment. Counts I and II charge separate carjackings, in violation of 18 U.S.C. § 2119, and Count III charges that Ramirez used or carried a firearm during crimes of violence, *viz.* the carjackings alleged in Counts I and II, in violation of 18 U.S.C. § 924(c). Ramirez claims that the government may not try him on either Count I or Count II *and* on Count III, without violating the Double Jeopardy Clause of the United States Constitution, because the identical evidential elements are required to establish a carjacking charge and the § 924(c) violation charged in Count III.[1] After denying the motion to dismiss Count III, the district court stayed further proceedings pending an interlocutory appeal.

The Supreme Court has admonished that the final judgment rule, *see* 28 U.S.C. § 1291, "is strongest in the criminal context," *Flanagan v. United States,* 465 U.S. 259, 265, 104 S.Ct. 1051, 1054–55, 79 L.Ed.2d 288 (1984), since the " 'delays and disruptions attendant upon intermediate appeal are especially inimical to the effective and fair administration of the criminal law.' " *Abney v. United States,* 431 U.S. 651, 657, 97 S.Ct. 2034, 2039, 52 L.Ed.2d 651 (1977) (quoting *DiBella v. United States,* 369 U.S. 121, 126, 82 S.Ct. 654, 658, 7 L.Ed.2d 614 (1962)). We must therefore determine whether the district court order is immediately appealable under the

"collateral order" doctrine. *See Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 545, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949) (holding that a recognized exception to the final judgment rule exists for a "small class [of interlocutory orders] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.")

■ The Double Jeopardy Clause safeguards against (i) a second prosecution following acquittal or final conviction for the same offense and (ii) multiple punishments for the same offense. *United States v. Rivera–Martinez,* 931 F.2d 148, 152 (1st Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 184, 116 L.Ed.2d 145 (1991) (citing *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969)). The Supreme Court held in *Abney* that an order denying a pretrial motion to dismiss based on a claim of former jeopardy is immediately appealable under the collateral order doctrine. *Abney,* 431 U.S. at 659–61, 97 S.Ct. at 2040–41. The Court reasoned that only an interlocutory appeal could protect the defendant from the "strain, public embarrassment, and expense of a criminal trial more than once for the same offense." *Id.* at 661, 97 S.Ct. at 2041. *Abney,* nevertheless, is not carte blanche authority for all interlocutory appeals brought under the Double Jeopardy banner, since some such claims do not meet the requirements of the "collateral order" doctrine. The interlocutory order challenged by Ramirez falls into the latter category, since it simply disallowed a "multiple punishment" claim masquerading as a "former jeopardy" claim.

■ We believe the *Abney* branch of the "collateral order" exception to the final judgment rule is limited to the "special circumstances permeating" *former jeopardy* claims. *Abney,* 431 U.S. at 663, 97 S.Ct. at 2042 (emphasis added).

■ Ramirez argues that a simultaneous trial on Count III and Counts I/II would

---

1. We express no view whatever on the relevance or correctness of Ramirez's assumption. *See*

*Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

entail "former jeopardy" because these counts require identical elements of proof. However, the Supreme Court has distinguished between the "double jeopardy" problems posed by a simultaneous trial and by successive trials. *See United States v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989). In a simultaneous trial, the multiple punishment inquiry focuses on whether the legislature has authorized multiple punishments, as it may lawfully do. *Ohio v. Johnson,* 467 U.S. 493, 499–500, 104 S.Ct. 2536, 2540–41, 81 L.Ed.2d 425 (1984). In successive trials, on the other hand, "the Double Jeopardy Clause protects against the possibility that the Government is seeking the second punishment because it is dissatisfied with the sanction obtained in the first proceeding." *Halper,* 490 U.S. at 451, n. 10, 109 S.Ct. at 1903, n. 10.

The *Halper* Court foreclosed Ramirez's multiple punishment claim. There, the Court held that a civil proceeding, punitive in nature, which followed a criminal trial on the same set of facts, violated the Double Jeopardy Clause. *Id.* at 448, 109 S.Ct. at 1901–02. The Court nevertheless stated that its ruling did not prevent "the Government from seeking and obtaining both the full civil penalty and the full range of statutorily authorized criminal penalties in the same proceeding. In a single proceeding the multiple punishment issue would be limited to ensuring that the total punishment did not exceed that authorized by the legislature." *Id.* at 450, 109 S.Ct. at 1902–03.

In *United States v. Sorren,* 605 F.2d 1211, 1215 (1st Cir.1979), we indicated that our analysis of interlocutory appellate jurisdiction turns upon whether the implicated right was "incapable of vindication on appeal." The challenge raised in the instant interlocutory appeal can be fully vindicated on appeal from a final judgment of conviction and sentence. *See United States v. Abreu,* 952 F.2d 1458, 1465 (1st Cir.) (vacating sentence in post-conviction appeal based upon multiple punishment claim), *cert. denied,* —— U.S. ——, 112 S.Ct. 1695, 118 L.Ed.2d 406 (1992);

*Rivera–Martinez,* 931 F.2d at 153 (same). An interlocutory appeal in the present case would not serve the purposes envisioned in *Abney,* because Ramirez would have to stand trial on the remaining counts even if Count III were dismissed. *See United States v. McHenry,* 1993 WL 168925, at *1, 1993 U.S.App. LEXIS 12553, at *2 (6th Cir. May 19, 1993) (interlocutory appeal of double jeopardy claim raised in § 924(c) and § 2119 context; dismissed for lack of jurisdiction); *United States v. Witten,* 965 F.2d 774, 775–76 (9th Cir.1992) (similar). The Supreme Court has emphasized "the crucial distinction between a right not be tried and a right whose remedy requires the dismissal of charges. The former necessarily falls into the category of rights that can be enjoyed only if vindicated prior to trial. The latter does not." *United States v. Hollywood Motor Car Co. Inc.,* 458 U.S. 263, 269, 102 S.Ct. 3081, 3085, 73 L.Ed.2d 754 (1982).

As we lack appellate jurisdiction, the interlocutory appeal must be dismissed.[2]

***Appeal dismissed for lack of jurisdiction.***

---

2. At this juncture, we take no position on whether Congress, by its enactment of 18 U.S.C. § 924(c), intended "multiple punishments."