[NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

  

No. 95-1131

 UNITED STATES OF AMERICA,

 Appellee,

 v.

 JOS NEGRON GIL DE RUBIO,

 Defendant, Appellant.

  

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Jos Antonio Fust , U.S. District Judge] 

  

 Before

 Torruella, Chief Judge, 

 Coffin, Senior Circuit Judge, 

 and Cyr, Circuit Judge. 

  

 Jos A. Pagan Nieves, with whom Jos A. Pagan Nieves Law Offices 
was on brief for appellant. 
 Juan A. Pedrosa, Assistant United States Attorney, with whom 
Guillermo Gil, United States Attorney, Jos A. Quiles-Espinosa, Senior 
Litigation Counsel, and Nelson P rez-Sosa, Assistant United States 
Attorney, were on brief for appellee.

  

 August 6, 1996
  

 Per Curiam. Jos Negron Gil de Rubio ("Negron") Per Curiam. 

appeals his conviction and sentence for conspiring to possess

cocaine with intent to distribute, see 21 U.S.C. 841(a)(1), 

846. Finding no error, we affirm the district court judgment in

all respects. 

 Negron first claims that the district court erred in

rejecting his motion for a bill of particulars, because the

indictment failed to name all coconspirators and alleged no overt

acts involving Negron.1 The lone count against Negron alleged an

eighteen-month conspiracy to possess with intent to distribute

cocaine. It named all 28 indicted coconspirators, but omitted

two unindicted cooperating witnesses.2 No more was exigible, as
  

 1Rulings disallowing bills of particulars are reviewed only
for abuse of discretion. United States v. Sepulveda, 15 F.3d 
1161, 1193 (1st Cir. 1993), cert. denied, 114 S.Ct. 2714 (1994). 
In the present context, this requires a demonstration by the
defendant that the denial resulted in prejudice at trial, or
other prejudice to a "substantial right." United States v. 
Hallock, 941 F.2d 36, 40 (1st Cir. 1991) (quoting United States 
v. Paiva, 892 F.2d 148, 154 (1st Cir. 1989)).  

 2Count One alleged:

 The general allegations are hereby incorpo-
 rated and realleged herein by reference.

 From on or about September 1991, up to and
 including May of 1993, in the District of
 P.R., FL, N.Y., MA, and elsewhere, within the
 jurisdiction of this court, . . . 

 [list of 23 defendants, including Negron, but
 not including 2 of the 4 cooperating witness-
 es]

 . . . the defendants herein, and others to
 the Grand Jury known and unknown, did know-
 ingly and intentionally combine, conspire,
 confederate, and agree together, with each

 2

the indictment substantially described the essential facts

constituting the charged offense, within the meaning of Fed. R.

Crim. P. 7(c)(1). See United States v. Hallock, 941 F.2d 36, 40 

(1st Cir. 1991). Compare United States v. Tomasetta, 429 F.2d 

978, 979 (1st Cir. 1970) (more precise averments as to date and

location of crime may be needed when charging a substantive

offense). The government need not describe "the precise dates

and locations" of all overt acts, Hallock, 941 F.2d at 40-41; see 

United States v. Paiva, 892 F.2d 148, 155 (1st Cir. 1989), absent 

a showing of actual prejudice or surprise. 

 Bills of particulars are designed to provide sufficient

additional detail to enable an accused to mount an adequate

  

 other and with diverse other persons to the
 Grand Jury known and unknown, to commit the
 following offense against the United States,
 that is, possession with intent to distribute
 cocaine, a Schedule II narcotic drug con-
 trolled substance, in violation of Title 21,
 U.S.C., 841(a)(1) and 846.

 Object of the conspiracy: It was the object
 of the conspiracy that codefendants and
 coconspirators would and did possess cocaine
 with the intent to distribute, and would and
 did distribute the same for the purpose of
 obtaining monetary gain.

 Overt Acts [Indictment lists 44 overt acts,
 none of which specifically name Negron] in-
 clude:

 3. The cocaine loads were usually retained
 and safeguarded by members of the organiza-
 tion.
 . . . .

 5. A portion of the cocaine was prepared for
 distribution in Puerto Rico. 

 3

defense, avoid double jeopardy, and prevent surprise at trial.

See Hallock, 941 F.2d at 40. There is no basis for concluding 

that this indictment was impermissibly vague, so as to materially

hamper trial preparation, cause surprise, or prevent Negron from

forfending against double jeopardy. Moreover, not only did he

have the benefit of full discovery, but the district court

ordered that Negron be accorded reasonable access to the four

cooperating witnesses who later testified for the government at

trial. These discovery resources afforded Negron adequate

opportunities to inform himself of the evidence the government

was prepared to present at trial. Negron has neither provided a

factual foundation for his conclusory alibi-defense claim, nor

indicated a basis for the claim that any vagueness in the present

indictment may expose him to prosecution for conduct of which he

has been acquitted in the past. See United States v. Ramirez- 

Burgos, 44 F.3d 17, 19 (1st Cir. 1995)(citations omitted) ("The 

Double Jeopardy Clause safeguards against (i) a second prosecu-

tion following acquittal or final conviction for the same offense

and (ii) multiple punishments for the same offense."); United 

States v. Abreu, 952 F.2d 1458, 1464 (1st Cir.), cert. denied, 

112 S. Ct. 1695 (1992)(same). Finally, even though Negron has

been apprised of the relevant times, transactions and persons, he

neither precisely defines an alibi nor demonstrates that the

present conspiracy charge is barred by any prior acquittal.

Moreover, since the indictment contained sufficient information

to apprise Negron of the criminal conduct with which he was

 4

charged, he was neither prejudiced nor unfairly surprised at

trial by any absence of particulars. 

 5

 Negron also claims that the evidence was insufficient

to support the verdict.3 At trial, the government presented four

coconspirators, each of whom tied Negron directly to the same

conspiracy. Their credibility was for the jury. United States 

v. Saccoccia, 58 F.3d 754, 773 (1st Cir. 1995).  

 Negron further claims that the district court erred in

denying his motion for new trial based on newly-discovered

evidence. The proffered "newly discovered evidence" a puta-

tive averment by a cooperating witness that Negron did not

participate in the drug organization fell well short of the

mark, if for no other reason than that it has not been shown to

have been "newly discovered." See United States v. Natanel, 938 

F.2d 302, 313 (1st Cir. 1991), cert. denied, 502 U.S. 1079 

(1992); see also United States v. Tibolt, 72 F.3d 965, 972 

(1995). 

 Further, Negron challenges the drug-quantity calculat-

ion relied on at sentencing. As there was evidence that Negron

had been involved with considerably more than the five kilograms

of cocaine found by the district court, there can have been no

clear error. See United States v. Morillo, 8 F.3d 864, 871 (1st 

Cir. 1993).

  

 3We review the entire record in the light most favorable to
the government and indulge all reasonable inferences favorable to
the verdict, see United States v. Saccoccia, 58 F.3d 754, 773 
(1st Cir. 1995), in order to determine whether a rational jury
could have found appellant guilty beyond a reasonable doubt. See 
United States v. Valle, 72 F.3d 210, 216-17 (1st Cir. 1995).  

 6

 Finally, absent a showing of any error, Negron's

cumulative error claim collapses. 

 Affirmed. Affirmed 

 7