USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 95-1131 UNITED STATES OF AMERICA, Appellee, v. JOS NEGRON GIL DE RUBIO, Defendant, Appellant.  ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Jos Antonio Fust , U.S. District Judge] ___________________  ____________________ Before Torruella, Chief Judge, ___________ Coffin, Senior Circuit Judge, ____________________ and Cyr, Circuit Judge. _____________  ____________________ Jos A. Pagan Nieves, with whom Jos A. Pagan Nieves Law Offices ____________________ ________________________________ was on brief for appellant.  Juan A. Pedrosa, Assistant United States Attorney, with whom _______________ Guillermo Gil, United States Attorney, Jos A. Quiles-Espinosa, Senior _____________ _______________________ Litigation Counsel, and Nelson P rez-Sosa, Assistant United States _________________ Attorney, were on brief for appellee.  ____________________ August 6, 1996  ____________________ Per Curiam. Jos Negron Gil de Rubio ("Negron") Per Curiam. ___________ appeals his conviction and sentence for conspiring to possess cocaine with intent to distribute, see 21 U.S.C. 841(a)(1), ___ 846. Finding no error, we affirm the district court judgment in all respects.  Negron first claims that the district court erred in rejecting his motion for a bill of particulars, because the indictment failed to name all coconspirators and alleged no overt acts involving Negron.1 The lone count against Negron alleged an eighteen-month conspiracy to possess with intent to distribute cocaine. It named all 28 indicted coconspirators, but omitted two unindicted cooperating witnesses.2 No more was exigible, as  ____________________ 1Rulings disallowing bills of particulars are reviewed only for abuse of discretion. United States v. Sepulveda, 15 F.3d _____________ _________ 1161, 1193 (1st Cir. 1993), cert. denied, 114 S.Ct. 2714 (1994). _____ ______ In the present context, this requires a demonstration by the defendant that the denial resulted in prejudice at trial, or other prejudice to a "substantial right." United States v. ______________ Hallock, 941 F.2d 36, 40 (1st Cir. 1991) (quoting United States _______ _____________ v. Paiva, 892 F.2d 148, 154 (1st Cir. 1989)).  _____ 2Count One alleged: The general allegations are hereby incorpo- rated and realleged herein by reference. From on or about September 1991, up to and including May of 1993, in the District of P.R., FL, N.Y., MA, and elsewhere, within the jurisdiction of this court, . . .  [list of 23 defendants, including Negron, but not including 2 of the 4 cooperating witness- es] . . . the defendants herein, and others to the Grand Jury known and unknown, did know- ingly and intentionally combine, conspire, confederate, and agree together, with each 2 the indictment substantially described the essential facts constituting the charged offense, within the meaning of Fed. R. Crim. P. 7(c)(1). See United States v. Hallock, 941 F.2d 36, 40 ___ _____________ _______ (1st Cir. 1991). Compare United States v. Tomasetta, 429 F.2d _______ _____________ _________ 978, 979 (1st Cir. 1970) (more precise averments as to date and location of crime may be needed when charging a substantive offense). The government need not describe "the precise dates and locations" of all overt acts, Hallock, 941 F.2d at 40-41; see _______ ___ United States v. Paiva, 892 F.2d 148, 155 (1st Cir. 1989), absent _____________ _____ a showing of actual prejudice or surprise.  Bills of particulars are designed to provide sufficient additional detail to enable an accused to mount an adequate  ____________________ other and with diverse other persons to the Grand Jury known and unknown, to commit the following offense against the United States, that is, possession with intent to distribute cocaine, a Schedule II narcotic drug con- trolled substance, in violation of Title 21, U.S.C., 841(a)(1) and 846. Object of the conspiracy: It was the object of the conspiracy that codefendants and coconspirators would and did possess cocaine with the intent to distribute, and would and did distribute the same for the purpose of obtaining monetary gain. Overt Acts [Indictment lists 44 overt acts, none of which specifically name Negron] in- clude: 3. The cocaine loads were usually retained and safeguarded by members of the organiza- tion. . . . . 5. A portion of the cocaine was prepared for distribution in Puerto Rico.  3 defense, avoid double jeopardy, and prevent surprise at trial. See Hallock, 941 F.2d at 40. There is no basis for concluding ___ _______ that this indictment was impermissibly vague, so as to materially hamper trial preparation, cause surprise, or prevent Negron from forfending against double jeopardy. Moreover, not only did he have the benefit of full discovery, but the district court ordered that Negron be accorded reasonable access to the four cooperating witnesses who later testified for the government at trial. These discovery resources afforded Negron adequate opportunities to inform himself of the evidence the government was prepared to present at trial. Negron has neither provided a factual foundation for his conclusory alibi-defense claim, nor indicated a basis for the claim that any vagueness in the present indictment may expose him to prosecution for conduct of which he has been acquitted in the past. See United States v. Ramirez- ___ _____________ ________ Burgos, 44 F.3d 17, 19 (1st Cir. 1995)(citations omitted) ("The ______ Double Jeopardy Clause safeguards against (i) a second prosecu- tion following acquittal or final conviction for the same offense and (ii) multiple punishments for the same offense."); United ______ States v. Abreu, 952 F.2d 1458, 1464 (1st Cir.), cert. denied, ______ _____ _____ ______ 112 S. Ct. 1695 (1992)(same). Finally, even though Negron has been apprised of the relevant times, transactions and persons, he neither precisely defines an alibi nor demonstrates that the present conspiracy charge is barred by any prior acquittal. Moreover, since the indictment contained sufficient information to apprise Negron of the criminal conduct with which he was 4 charged, he was neither prejudiced nor unfairly surprised at trial by any absence of particulars.  5 Negron also claims that the evidence was insufficient to support the verdict.3 At trial, the government presented four coconspirators, each of whom tied Negron directly to the same conspiracy. Their credibility was for the jury. United States _____________ v. Saccoccia, 58 F.3d 754, 773 (1st Cir. 1995).  _________ Negron further claims that the district court erred in denying his motion for new trial based on newly-discovered evidence. The proffered "newly discovered evidence" a puta- tive averment by a cooperating witness that Negron did not participate in the drug organization fell well short of the mark, if for no other reason than that it has not been shown to have been "newly discovered." See United States v. Natanel, 938 ___ _____________ _______ F.2d 302, 313 (1st Cir. 1991), cert. denied, 502 U.S. 1079 _____ ______ (1992); see also United States v. Tibolt, 72 F.3d 965, 972 ___ ____ ______________ ______ (1995).  Further, Negron challenges the drug-quantity calculat- ion relied on at sentencing. As there was evidence that Negron had been involved with considerably more than the five kilograms of cocaine found by the district court, there can have been no clear error. See United States v. Morillo, 8 F.3d 864, 871 (1st ___ _____________ _______ Cir. 1993).  ____________________ 3We review the entire record in the light most favorable to the government and indulge all reasonable inferences favorable to the verdict, see United States v. Saccoccia, 58 F.3d 754, 773 ___ ______________ _________ (1st Cir. 1995), in order to determine whether a rational jury could have found appellant guilty beyond a reasonable doubt. See ___ United States v. Valle, 72 F.3d 210, 216-17 (1st Cir. 1995).  _____________ _____ 6 Finally, absent a showing of any error, Negron's cumulative error claim collapses.  Affirmed. Affirmed ________ 7