92 F.3d 1169
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES of America, Appellee,
v.
Jose Negron Gil DE RUBIO, Defendant, Appellant.
 No. 95-1131.
 United States Court of Appeals, First Circuit.
 Aug. 6, 1996.
 
 Appeal from the United States District Court for the District of Puerto Rico [Hon. Jose Antonio Fuste, U.S. District Judge]
 Jose A. Pagan Nieves, with whom Jose A. Pagan Nieves Law Offices was on brief for appellant.
 Juan A. Pedrosa, Assistant United States Attorney, with whom Guillermo Gil, United States Attorney, Jose A. Quiles-Espinosa, Senior Litigation Counsel, and Nelson Perez-Sosa, Assistant United States Attorney, were on brief for appellee.
 D.Puerto Rico
 AFFIRMED.
 Before TORRUELLA, Chief Judge, COFFIN, Senior Circuit Judge, and CYR, Circuit Judge.
 PER CURIAM.
 
 
 1
 Jose Negron Gil de Rubio ("Negron") appeals his conviction and sentence for conspiring to possess cocaine with intent to distribute, see 21 U.S.C. §§ 841(a)(1), 846. Finding no error, we affirm the district court judgment in all respects.
 
 
 2
 Negron first claims that the district court erred in rejecting his motion for a bill of particulars, because the indictment failed to name all coconspirators and alleged no overt acts involving Negron.[1] The lone count against Negron alleged an eighteen-month conspiracy to possess with intent to distribute cocaine. It named all 28 indicted coconspirators, but omitted two unindicted cooperating witnesses.[2] No more was exigible, as the indictment substantially described the essential facts constituting the charged offense, within the meaning of Fed.R.Crim.P. 7(c)(1). See United States v. Hallock, 941 F.2d 36, 40 (1st Cir.1991). Compare United States v. Tomasetta, 429 F.2d 978, 979 (1st Cir.1970) (more precise averments as to date and location of crime may be needed when charging a substantive offense). The government need not describe "the precise dates and locations" of all overt acts, Hallock, 941 F.2d at 40-41; see United States v. Paiva, 892 F.2d 148, 155 (1st Cir.1989), absent a showing of actual prejudice or surprise.
 
 
 3
 Bills of particulars are designed to provide sufficient additional detail to enable an accused to mount an adequate defense, avoid double jeopardy, and prevent surprise at trial. See Hallock, 941 F.2d at 40. There is no basis for concluding that this indictment was impermissibly vague, so as to materially hamper trial preparation, cause surprise, or prevent Negron from forfending against double jeopardy. Moreover, not only did he have the benefit of full discovery, but the district court ordered that Negron be accorded reasonable access to the four cooperating witnesses who later testified for the government at trial. These discovery resources afforded Negron adequate opportunities to inform himself of the evidence the government was prepared to present at trial. Negron has neither provided a factual foundation for his conclusory alibi-defense claim, nor indicated a basis for the claim that any vagueness in the present indictment may expose him to prosecution for conduct of which he has been acquitted in the past. See United States v. Ramirez-Burgos, 44 F.3d 17, 19 (1st Cir.1995) (citations omitted) ("The Double Jeopardy Clause safeguards against (i) a second prosecution following acquittal or final conviction for the same offense and (ii) multiple punishments for the same offense."); United States v. Abreu, 952 F.2d 1458, 1464 (1st Cir.), cert. denied, 112 S.Ct. 1695 (1992)(same). Finally, even though Negron has been apprised of the relevant times, transactions and persons, he neither precisely defines an alibi nor demonstrates that the present conspiracy charge is barred by any prior acquittal. Moreover, since the indictment contained sufficient information to apprise Negron of the criminal conduct with which he was charged, he was neither prejudiced nor unfairly surprised at trial by any absence of particulars.
 
 
 4
 Negron also claims that the evidence was insufficient to support the verdict.[3] At trial, the government presented four coconspirators, each of whom tied Negron directly to the same conspiracy. Their credibility was for the jury. United States v. Saccoccia, 58 F.3d 754, 773 (1st Cir.1995).
 
 
 5
 Negron further claims that the district court erred in denying his motion for new trial based on newly-discovered evidence. The proffered "newly discovered evidence"--a putative averment by a cooperating witness that Negron did not participate in the drug organization--fell well short of the mark, if for no other reason than that it has not been shown to have been "newly discovered." See United States v. Natanel, 938 F.2d 302, 313 (1st Cir.1991), cert. denied, 502 U.S. 1079 (1992); see also United States v. Tibolt, 72 F.3d 965, 972 (1995).
 
 
 6
 Further, Negron challenges the drug-quantity calculation relied on at sentencing. As there was evidence that Negron had been involved with considerably more than the five kilograms of cocaine found by the district court, there can have been no clear error. See United States v. Morillo, 8 F.3d 864, 871 (1st Cir.1993).
 
 
 7
 Finally, absent a showing of any error, Negron's cumulative error claim collapses.
 
 
 8
 Affirmed.
 
 
 
 [1]
 Rulings disallowing bills of particulars are reviewed only for abuse of discretion. United States v. Sepulveda, 15 F.3d 1161, 1193 (1st Cir.1993), cert. denied, 114 S.Ct. 2714 (1994). In the present context, this requires a demonstration by the defendant that the denial resulted in prejudice at trial, or other prejudice to a "substantial right." United States v. Hallock, 941 F.2d 36, 40 (1st Cir.1991) (quoting United States v. Paiva, 892 F.2d 148, 154 (1st Cir.1989))
 
 
 [2]
 Count One alleged:
 The general allegations are hereby incorporated and realleged herein by reference.
 From on or about September 1991, up to and including May of 1993, in the District of P.R., FL, N.Y., MA, and elsewhere, within the jurisdiction of this court, ...
 [list of 23 defendants, including Negron, but not including 2 of the 4 cooperating witnesses]
 ... the defendants herein, and others to the Grand Jury known and unknown, did knowingly and intentionally combine, conspire, confederate, and agree together, with each other and with diverse other persons to the Grand Jury known and unknown, to commit the following offense against the United States, that is, possession with intent to distribute cocaine, a Schedule II narcotic drug controlled substance, in violation of Title 21, U.S.C., §§ 841(a)(1) and 846.
 Object of the conspiracy: It was the object of the conspiracy that codefendants and coconspirators would and did possess cocaine with the intent to distribute, and would and did distribute the same for the purpose of obtaining monetary gain.
 Overt Acts [Indictment lists 44 overt acts, none of which specifically name Negron] include:
 
 
 [3]
 The cocaine loads were usually retained and safeguarded by members of the organization
 ....
 
 
 [5]
 A portion of the cocaine was prepared for distribution in Puerto Rico
 
 
 [3]
 We review the entire record in the light most favorable to the government and indulge all reasonable inferences favorable to the verdict, see United States v. Saccoccia, 58 F.3d 754, 773 (1st Cir.1995), in order to determine whether a rational jury could have found appellant guilty beyond a reasonable doubt. See United States v. Valle, 72 F.3d 210, 216-17 (1st Cir.1995)