**TROPIX, INC., Plaintiff,**

v.

**LYON & LYON, James W. Geriak, James W. Geriak, P.C., Thomas J. Morgan, Charles A. Wendell, Defendants.**

**Civil Action No. 93–10442–MLW.**

United States District Court, D. Massachusetts.

Nov. 4, 1996.

T. Christopher Donnelly, Donnelly, Conroy & Gelhaar, Boston, MA, for Tropix, Inc.

Dale A. Coggins, Peabody & Arnold, Boston, MA, for Lyon & Lyon.

## MEMORANDUM AND ORDER ON PLAINTIFF TROPIX, INC.'S MOTION TO COMPEL DISCOVERY RESPONSES FROM DEFENDANTS AND FOR SANCTIONS (# 29)

COLLINGS, United States Magistrate Judge.

On August 20, 1996, the plaintiff served document requests and interrogatories upon the defendants. Pursuant to Rules 33(a) and 34(b), Fed.R.Civ.P., answers, responses and any objections were required to be served within thirty days. Nothing was served. Plaintiff now moves for sanctions; defendants oppose.

Defendants make several arguments as to why the plaintiff's motion to compel lacks merit. First, defendants' counsel avers in an affidavit (# 41) that he had an agreement with plaintiff's counsel that the defendants did not have to respond to the requests or answer the interrogatories; plaintiff's counsel, in an affidavit (# 38), has denied that any such agreement was made. I find that I need not resolve the conflicting affidavits. Rule 29, Fed.R.Civ.P., provides:

> Unless otherwise directed by the court, the parties may by **written stipulation** ... (2) modify ... [the] limitations placed upon discovery, except that stipulations extending the time provided in Rules 33, 34, and 36 for responses to discovery may, if they would interfere with any time set for completion of discovery, for hearing of a motion, or for trial, be made only with the approval of the court.

Emphasis supplied.

It is undisputed that there has been no written stipulation extending the time within which the defendants must respond to the plaintiff's written discovery. In the absence of such a written stipulation, there simply has not been an enlargement of time.

It is my opinion that the requirement of a written stipulation was promulgated to avoid

**4**

just the sort of dispute which has arisen in this case in which one attorney asserts that the attorney for the other side agreed to an enlargement and the attorney for the other side denies that any such agreement exists. Manifestly, it would be a waste of judicial resources were the courts required to resolve such disputes when the alternative is that all counsel need to do is enter a written stipulation in order to effect an enlargement.

■ Defendants' counsel argues that since Rule 29, Fed.R.Civ.P., reads that "... the parties *may* by written stipulation ..." modify the time limits, a written stipulation is not the only way in which an enlargement can be effected and that informal agreements of counsel will accomplish the same result. I reject such an interpretation because it would render the requirement of a written stipulation meaningless. I rule that in order to obtain an enlargement of the time within which to respond to written discovery, a party must either obtain a written stipulation signed by all the parties [1] or an Order of the Court enlarging the time. Otherwise, the responses, answers and/or objections to discovery promulgated pursuant to Rules 33, 34, and 36, Fed.R.Civ.P., must be served within thirty days of service.

Defendants' next argument is that under the Federal Rules of Civil Procedure and the Local Rule 26.2(A), the defendants were not required to respond to the plaintiff's written discovery because the plaintiff had not yet complied with its automatic discovery obligations. The initial answer to this argument is that even if this were so, the defendants were not entitled simply to ignore the interrogatories and requests. If the defendants thought that they were under no obligation to respond on this ground, they should have filed a motion for a protective order.

It is true that Local Rule 26.2(A) provides that:

(A) **Automatic Required Disclosure.** Unless otherwise ordered by the judge, disclosure required by Fed.R.Civ.P.

26(a)(1) shall be made as soon as practicable ... Unless otherwise ordered by the judge, before a party may initiate discovery, that party must provide to other parties disclosure of the information and materials called for by Fed.R.Civ.P. 26(a)(1).

However, plaintiff **did** serve a document entitled Plaintiff Tropix, Inc.'s Initial Disclosures in compliance with Rule 26(a)(1), Fed.R.Civ. P., on August 15, 1996 and served Plaintiff Tropix, Inc.'s Amended Disclosures on September 9, 1996. The initial disclosures were made before the interrogatories and requests for production were served on August 20, 1996. However, defendants complain that these disclosures were incomplete, and, thus, since the plaintiff had not complied in full with Rule 26(a)(1), Fed.R.Civ.P., the defendants did not have to answer the interrogatories or respond to the document requests.

■ This argument is spurious. A complaint that the other party has not fully complied with the automatic disclosure provisions is not a ground for a unilateral decision not to respond to the other party's discovery requests. At the very least, the party to whom the discovery has been directed must point out the perceived inadequacies of the automatic disclosures to the party making them in an attempt to have that party correct the deficiencies. There is nothing in the record before me to indicate that the defendants ever pointed out to the plaintiff the perceived inadequacies in the automatic disclosures until after the motion to compel was filed. *See #* 36, p. 2. If the inadequacies were not able to be cured in a conference between counsel, the defendants should have brought a motion to compel before the Court seeking an order mandating full compliance and protection against having to answer the plaintiff's interrogatories and respond to the plaintiff's document requests until full compliance. What the defendants cannot do under the applicable rules is to voice no complaints about the automatic disclosure, refrain from answering the interrogatories and respond-

---

1. To be effective, the written stipulation would not have to be approved by the court unless the circumstances listed in Rule 29 in which approval is required appertained; the circumstances would not have in the instant case. Indeed, unless approval of the court is required, the written stipulation need not be filed with the court, although one commentator has written that it should be. *See 4A Moore's Federal Practice*, 2d. ed., 1996, ¶ 29.02 at p. 29–4.

ing to the document requests, and then raise the inadequacy of the automatic disclosures for the first time in opposition to a motion to compel.

Accordingly it is ORDERED that Plaintiff Tropix, Inc.'s Motion to Compel Discovery Responses from Defendants and for Sanctions (# 29) be, and the same hereby is, ALLOWED to the following extent:

(1) The objections to the interrogatories and document requests which were served on October 18, 1996 are OVERRULED as untimely.

(2) The defendants have waived any objections which they might have to the interrogatories and document requests by not serving the objections in a timely manner.

(3) The defendants are ORDERED, pursuant to Rule 37(a)(2), Fed.R.Civ.P., to serve full and complete answers to the plaintiff's interrogatories and full and complete responses to the plaintiff's document requests and to produce all requested documents *on or before the close of business on Thursday, December 5, 1996.*[2]

(4) For the reasons stated herein, I do not find that the defendants' opposition to the motion to compel was substantially justified or that there are any other circumstances which make an award of expenses unjust. I find that the plaintiff made a good faith effort to obtain the answers to interrogatories and a response to the request for production of documents without court action. In these circumstances, I am required to award the plaintiff its reasonable costs, including attorney's fees, in obtaining the within Order. *See* Rule 37(a)(4), Fed.R.Civ.P. Plaintiff is granted leave to file and serve, *on or before the close of business on Friday, November 8, 1996,* an affidavit or affidavits detailing the costs incurred in obtaining the within Order; defendants may file and serve, *on or before the close of business on Friday, November 15, 1996,* an opposition to items claimed or the amounts claimed for any items.

2. In a separate Order, the Court shall extend the discovery deadline, currently set at December 31,

It is FURTHER ORDERED that Plaintiff Tropix, Inc.'s Motion to Compel Discovery Responses from Defendants and for Sanctions (# 29) be, and the same hereby is, otherwise DENIED.