**UNITED STATES of America, Plaintiff,**

v.

**James D. LITTLE and Little's HSC Pharmacy, Defendants.**

**No. Civ. A. 97–30067–MAP.**

United States District Court, D. Massachusetts.

Dec. 8, 1997.

Karen L. Goodwin, U.S. Attys. Office, Springfield, MA, for Plaintiff.

Robert C. Pavlan, Jr., Pavlan & Associates, Belmont, MA, for Defendants.

*MEMORANDUM AND ORDER WITH REGARD TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER OR TO STRIKE INTERROGATORIES AND REQUESTS FOR PRODUCTION (Docket No. 10)*

NEIMAN, United States Magistrate Judge.

Plaintiff, the United States of America, has moved for a protective order with respect to interrogatories and a request for production of documents tendered by Defendants James D. Little and Little's HSC Pharmacy. Plaintiff's motion arises at the intersection of the automatic disclosure requirements of Fed. R.Civ.P. 26(a)(1) and District Judge Michael A. Ponsor's order of July 30, 1997, scheduling discovery. In essence, Plaintiff seeks protection from responding to Defendants' discovery requests unless and until Defendants comply with the automatic disclosure requirements set forth in Rule 26(a)(1). Alternatively, Plaintiff moves to strike Defen-

dants' interrogatories and requests for production of documents.

## DISCUSSION

On July 29, 1997, the parties appeared for a scheduling conference pursuant to Fed. R.Civ.P. 16. Judge Ponsor then issued a scheduling order based on the parties' representations and their joint statement of July 25, 1997. (*See* Docket No. 06.) The order, in applicable part, required that "[a]ll interrogatories and requests for production will be served on or before October 15, 1997." (Docket No. 08.) Plaintiff served interrogatories and requests for production of documents on September 15, 1997, which Defendants represent they "answered in good faith." (*See* Defs' Opp. (Docket No. 11) at 2.) On October 15, 1997, Defendants served a set of interrogatories and a request for production of documents on Plaintiff. At no time did Defendants provide automatic disclosure pursuant to Rule 26(a)(1).

Plaintiff maintains that Local Rule 26.2 precludes Defendants from serving any discovery requests until they have provided automatic disclosure pursuant to Rule 26(a)(1). Local Rule 26.2(a) provides as follows

> Unless otherwise ordered by the judge, or by the United States Magistrate Judge who has been assigned the case pursuant to 28 U.S.C. § 636(c), disclosure required by Fed.R.Civ.P. 26(a)(1) shall be made as soon as practicable and in any event before the meeting required by Fed.R.Civ.P. 26(f) and LR 16.1(b). Unless otherwise ordered by such a judicial officer, before a party may initiate discovery, that party must provide to other parties disclosure of the information and materials called for by Fed.R.Civ.P. 26(a)(1).

In addition, Plaintiff maintains, the court's scheduling order of July 30, 1997, which established a date certain for serving discovery requests on the opposing party, cannot be construed as relieving Defendants of their original Rule 26(a)(1) disclosure obligations.

In support, Plaintiff maintains that "[i]n this district, there is an absolute bar on ... conducting any discovery whatsoever" until the party seeking discovery "has first provided the detailed disclosures mandated by Fed.

R.Civ.P. 26(a)(1)." *United States v. All Funds, Monies, Secs., Mut. Fund Shares and Stocks,* 162 F.R.D. 4, 6 (D.Mass.1995), *aff'd,* 81 F.3d 147 (1st Cir.1996). In response, Defendants assert that *All Funds* does not address whether, by the parties' joint stipulation or a court's subsequent scheduling order, a party's automatic disclosure obligations may be waived or forfeited. *See In re Lotus Dev. Corp. Secs. Litig.,* 875 F.Supp. 48, 50 (D.Mass.1995) ("The advisory committee has made clear that a court may eliminate or modify the disclosure requirements in a particular case.") (internal quotation marks omitted).

Plaintiff asserts, accurately, that both the federal and local rules contemplate that the pretrial exchange of automatic discovery should be both accelerated and reciprocal. *See id.* ("More colorfully put, the [advisory] committee set out to slay the twin dragons of cost and delay.") (citing William W. Schwarzer, *Slaying the Monsters of Cost and Delay,* 74 Judicature 178 (1991)). Rule 26(a)(1), in particular, requires that the parties' automatic disclosures be made at or within ten days after the parties meet as required under subsection (f) of that rule. In turn, subsection (f) of Rule 26, as well as Local Rule 16.1(b), requires the parties to confer no later than fourteen days before the date of the scheduling conference. When the parties meet, they are, among other things, "to make or arrange for the disclosures required by a subdivision (a)(1) and to develop a proposed discovery plan." Fed.R.Civ.P. 26(f).

In the instant case, the order of events was somewhat different. First, Defendants failed to produce the automatic disclosure required by Rule 26(a)(1). Second, despite Defendants' failure and without any apparent objection, Plaintiff, together with Defendants, proceeded to develop a proposed discovery plan. Third, upon presentation of the plan at the scheduling conference, neither party brought Defendants' failure to disclose to the attention of the court. Plaintiff's present motion raises the issue of non-disclosure for the first time. While proper in form, *see Tropix Inc. v. Lyon & Lyon,* 169 F.R.D. 3, 4 (D.Mass.1996), the motion is of little benefit to Plaintiff at this late date.

Plaintiff's arguments to the contrary, there is no absolute bar to further discovery in the situation presented here. Indeed, pursuant to Local Rule 26.2, upon which Plaintiff otherwise relies, a judge may alter or waive a party's obligation to provide automatic disclosure at at least two junctures. First, the lead sentence of Local Rule 26.2(A) authorizes just such a judicial order *before* automatic disclosure is otherwise required. No such order was requested by either party or ordered *sua sponte* by the court in the instant matter.

The second sentence of Local Rule 26.2(A) similarly provides that, "[u]nless otherwise ordered by the judge," a party can initiate discovery only after producing automatic disclosure pursuant to Fed.R.Civ.P. 26(a)(1). Judge Ponsor's scheduling order of July 30, 1997, appears to fall within the terms of this second provision and to permit the parties to proceed with discovery. Without any precondition, the order specifically allowed, if not ordered, the parties to serve their discovery requests on or before October 15, 1997. Plaintiff, and then Defendants, did just that. The scheduling order did not include a *sub silentio* requirement that automatic disclosure must first be provided.

On the contrary, the order—as is true with scheduling orders issued after parties have discussed and proposed a joint discovery plan pursuant to Fed.R.Civ.P. 16 and Local Rule 16.1—can be said to assume that automatic disclosure had been accomplished. Both Rule 16 and Local Rule 16.1 provide parties with more than enough opportunity to inform the court otherwise. Indeed, a party's failure to provide automatic disclosure is precisely the kind of information which should be brought to the attention of the court at a Rule 16 scheduling conference. That did not happen here. Although Defendants' failure to provide automatic disclosure is troubling, the fact that Judge Ponsor's scheduling order did not address the issue of automatic disclosure should not, given the particulars of this case, inure to Plaintiff's benefit.

### CONCLUSION

Plaintiff's motion for a protective order is DENIED. However, the court hereby AMENDS the Scheduling Order of July 30, 1997, as follows: Plaintiff may serve such additional interrogatories and requests for production of documents as it desires before December 31, 1997. Defendants' responses thereto shall be on an expedited basis and no later than January 16, 1998. In all other respects, the Scheduling Order of July 30, 1997, shall remain in effect.

IT IS SO ORDERED.