Lauriat, J.
The parties to this contentious dispute have filed cross-motions addressed to the conduct of defendant Daniel F. MacDonald (“MacDonald”) during and in connection with his deposition, which was *20 noticed by the plaintiff on June 26, 2000, pursuant to Mass.R.Civ.P. 69, and taken, but not completed, on September 21, 2000. The plaintiff asserts that MacDonald improperly failed to produce documents that were requested in the notice of deposition, and that he improperly failed or refused to answer questions put to him by plaintiff s counsel at his deposition. MacDonald, who is an attorney, contends that the plaintiff failed to comply with Superior Court Rule 9C before filing this motion, and that, in any event, his conduct at the deposition was justified, and that he is entitled to a protective order limiting the scope of any resumed deposition.[1]
I.
In the present case, the plaintiff served its deposition notice and accompanying document request upon MacDonald on June 26, 2000. Pursuant to Mass.R.Civ.P. 30(b)(5) and 34(b), MacDonald was required to serve his written response, and to state any objections to the plaintiffs document requests, within 30 days thereafter (plus three days after service by mailing; see Mass.R.Civ.P. 6(d)). However, MacDonald failed to do so, and there is nothing in the record to suggest that he requested, or that the plaintiff granted an extension of time to do so. In fact, MacDonald’s written response was not served upon the plaintiff until October 26, 2000, three months after the deadline set by Rule 34 had passed, and more than a month after the defendant’s deposition had been taken. Moreover, at his deposition on September 21, 2000, MacDonald conceded that he had not responded to the plaintiffs document requests, and acknowledged that he had not produced any documents in response to those requests.
Given the defendant MacDonald’s failure to comply timely with Mass.R.Civ.P. 34 with respect to document response and production, and given his failure to make any objections to the plaintiffs document requests within the time required by Mass.R.Civ.P. 34(b), it is hereby ORDERED that the defendant MacDonald produce, without objection, all documents within his possession, custody or control that are responsive to the plaintiffs document requests within 20 days of the date of this Order. See Tropix, Inc. v. Lyon & Lyon, 169 F.R.D. 3 (D.Mass. 1996) (failure to serve objections to documents requests in timely manner constitutes waiver).
II.
Despite the parties’ filing of lengthy briefs and reply briefs addressed to the present motions, they appear blissfully unaware of, or at least have failed to make any reference to Mass.R.Civ.P. 30(c), as amended October 1, 1998, effective November 2, 1998. That rule provides in pertinent part that:
All objections made at the time of the examination to . . . the evidence presented, or to the conduct of any party, and any other objection to the proceedings, shall be noted by the officer upon the deposition, but the deposition shall proceed. Any objection to testimony during a deposition shall be stated concisely and in a non-argumentative and non-suggestive manner. Testimony to which objection is made shall be taken subject to the objections. Counsel for a witness or a party may not instruct a deponent not to answer except where necessary to assert or preserve a privilege or protection against disclosure, or enforce a limitation on evidence directed by the court or stipulated in writing by the parties, or to terminate the deposition and present a motion pursuant to Rules 30(d) or 37(d).
The Reporter’s Notes to the 1998 amendments to Rule 30 state that the purpose of the amendments “is to address the problems created by objections during a deposition and by directions to a deponent by counsel not to answer a question.” The Notes further state that instructions by counsel not to answer “are permissible only in the case of a privilege (such as attorney-client privilege) or protection against disclosure (such as the ‘work product’ protection . . . ).”
Here, the defendant MacDonald’s counsel repeatedly advised him not to answer the plaintiffs deposition questions on the ground that the questions were irrelevant and beyond the scope of Mass.R.Civ.P. 69. That advice was improper and contrary to Mass.R.Civ.P. 30(c). MacDonald himself refused to answer several questions, argued with counsel for the plaintiff on several occasions, and generally acted contrary to the requirements of Rule 30(c). At the same time, neither MacDonald nor his counsel took any steps to bring their concerns and objections to the court, as authorized by Mass.R.Civ.P. 30(d). Indeed, MacDonald did not even move for a protective order to limit the scope of his deposition until after the plaintiff had moved to sanction him for his conduct during the deposition. Again, MacDonald’s conduct, and that of his attorney, fell measurably below that required of parties and counsel by the Massachusetts Rules of Civil Procedure.
Under these circumstances, a new deposition is required. The deposition of the defendant MacDonald taken on September 21, 2000 is declared null and void, except to the extent that the plaintiff may later seek to impeach MacDonald with answers given during the deposition. MacDonald shall pay the plaintiff for the cost of that deposition transcript within 20 days of the date of this Order.
The Defendant’s Cross-Motion for Sanctions Against the Plaintiff and Cross-motion for Protective Order and Confidentiality Agreement is DENIED. The plaintiff may renotice and retake the defendant’s deposition within sixty days after the defendant has produced the documents required by this Order. At that renoticed deposition, the parties shall comply strictly with the requirement of Mass.R.Civ.P. 30(c). A sanction of $100.00, as liquidated attorneys fees and expenses, shall be imposed against defendant’s coun *21 sel for each instruction to the defendant not to answer a question which is not based on a recognized privilege or protection against disclosure. A sanction of $100.00, as liquidated attorneys fees and expenses, shall be imposed against MacDonald for each refusal to answer a question which is not based on a recognized privilege or protection against disclosure.
If MacDonald’s counsel objects to a question asked of the defendant, the basis of the objection shall be briefly and concisely stated. Any response by plaintiffs counsel shall also be briefly and concisely stated. A sanction of $5.00 per word, as liquidated attorneys fees and expenses, shall be imposed by the court upon any counsel or witness who fails to abide by these terms, or who unnecessarily clutters the record with excessive or argumentative statements. At the conclusion of the deposition, and upon the delivery of the deposition transcript to the parties, counsel for either party may, but is not required to submit the transcript to the court for a determination and calculation of the sanctions, if any, to be imposed pursuant to this Order. Any failure by any party to comply with the requirements of this Order may be addressed by the opposing party by motion made pursuant to Mass.R.Civ.P. 37(d). Finally, both parties’ requests for attorneys fees incurred in connection with the present motions are DENIED without prejudice to renewal if either party shall fail to comply fully with the terms of this ORDER.

 Although it appears that the plaintiff has not complied with the letter, if not the spirit of Superior Court Rule 9C, and that its motion should be denied without prejudice on that basis, the court will address the merits of the parties’ motions in order to allow this lengthy action to move forward without further delay.